UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Angel Agustin Benitez
(A-Number: A-221-493-792),

Petitioner,

v.

Warden, California City Correctional
Center; Field Office Director, ICE Los
Angeles Field Office; Todd M. Lyons,
Acting Director, United States Immigration
and Customs Enforcement; Kristi Noem,
Secretary of Homeland Security; Merrick
Garland, United States Attorney General,

Respondents.

No.  1:26-cv-02700-KES-FJS (HC)


ORDER GRANTING MOTION FOR
PRELIMINARY INJUNCTION AND
REQUIRING IMMEDIATE RELEASE


Doc. 2

Before the Court is petitioner Angel Agustin Benitez's motion for temporary restraining order.  Doc. 2.  The Court has previously addressed the legal issues raised by the motion for temporary restraining order.  *See e.g.*, *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025).

1

The Court set a briefing schedule on the motion for temporary restraining order and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the motion. Doc. 5. The Court also ordered respondents to state their position on whether the motion should be converted to a motion for preliminary injunction and whether they request a hearing. *Id.* Respondents state that "[t]here appears to be no substantive distinction between this case and the cases the Court cited in its minute order."[1] *See* Doc. 6 at 2. While respondents oppose the motion, they do not raise any new arguments.[2] *See id.* at 1–4.[3] They also do not object to converting the motion. *See id.*

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that distinguish it from the Court's prior decisions in *Crispin M.*

---

[1] Respondents note that petitioner previously voluntarily departed the United States on two occasions prior to his most recent entry (which petitioner indicates occurred many years ago), but they fail to identify any relevance to this fact. *See* Doc. 1 at 11; Doc. 6 at 2, 8. The fact that immigration officials permitted petitioner to voluntarily depart on prior occasions shows that petitioner was not ordered removed, because immigration officials may grant voluntary departure only "in lieu of" initiating removal "proceedings under [8 U.S.C. §] 1229a" or "prior to the completion of such proceedings." 8 U.S.C. § 1229c(a)(1).

[2] Respondents cite to *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. Feb. 6, 2026) (finding petitioners were subject to mandatory detention under § 1225(b)(2)(A)), and *Avila v. Bondi*, --- F.4th ---, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026) (finding that petitioner was subject to detention under § 1225(b)(2)(A)). Doc. 6 at 3. The Court finds the analysis in *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025) (concluding that government was not likely to prevail on the merits that petitioner was subject to mandatory detention under § 1225(b)(2)(A)), and in the dissents in *Buenrostro-Mendez* and *Avila*, more persuasive on the statutory interpretation issue.

[3] Respondents also requests, in the alternative, that the Court hold this case in abeyance pending the appeals in (1) *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which concerns the issue of whether § 1226(a) or § 1225(b)(2) applies to individuals who entered the country without inspection, were not apprehended by immigration authorities upon arrival, and are not subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231, or (2) *Benavides Carballo v. Andrews*, No. 25-6533 (9th Cir.), which concerns an as-applied constitutional challenge to detention under § 1226(c). *See* Doc. 6 at 4. Given the nature of the relief sought by petitioner, the Court declines to defer a ruling on petitioner's motion for preliminary relief. The magistrate judge may consider whether to hold further proceedings on the petition in abeyance.

*C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026), *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025), and *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025), the motion for temporary restraining order is converted to a motion for preliminary injunction and GRANTED, for the reasons stated in those prior orders.

The Court ORDERS that respondents release petitioner Angel Agustin Benitez (A-Number: A-221-493-792) immediately.[4]  If the government seeks to re-detain petitioner, it must provide no less than seven (7) days' notice to petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.[5]

Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.  Petitioner is hereby notified that this case will remain ongoing after he is released, and all further filings in this case will be mailed only to his address of record, which is currently the California City Detention Center.  Following his release, petitioner must file a notice of change of address to update his address, by mailing that notice to the Clerk of Court at 2500 Tulare Street, Fresno, California 93721.

The security bond requirement of Federal Rule of Civil Procedure 65(c) is waived.  Courts regularly waive security in cases like this, and the government has not established a need to impose a security bond.

This matter is referred to the assigned magistrate judge for further proceedings, including the preparation of findings and recommendations on the petition for writ of habeas corpus or

---

[4] Respondents argue that the appropriate remedy should be a post-deprivation § 1226(a) bond hearing, rather than immediate release.  Doc. 6 at 4.  But respondents have taken the position that petitioner is subject to mandatory detention under § 1225(b)(2) and have not argued that petitioner's detention is justified under § 1226(a).  *See id.*  The Court declines to *sua sponte* construe petitioner's detention as one arising under § 1226(a).  *See Cartagena Hueso v. Soto*, No. 26-1455 (ZNQ), 2026 WL 539271, at *3 (D.N.J. Feb. 26, 2026).

[5] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.

other appropriate action.

The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated:    April 17, 2026

_____
UNITED STATES DISTRICT JUDGE